UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA W. KOCHELL,           )
                             )
        Plaintiff,           )
                             )
    v.                       )   CAUSE NO. 3:17-CV-793 PPS
                             )
I.D.O.C., *et al.*,          )
                             )
        Defendants.          )

## OPINION AND ORDER

Joshua W. Kochell, a prisoner without a lawyer, filed a complaint as a result of a motor vehicle accident. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The complaint includes no factual allegations; rather, Kochell relies solely on the exhibits attached to his complaint, which consist of an article from the Kokomo Tribune, a police report, and a notice of tort claim.[1] These exhibits show that Kochell was involved

---

[1] These exhibits are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

in a motor vehicle collision as he was transported from the Miami Correctional Facility to Mississinewa Lake State Park for purposes of employment. As a result of the collision, Kochell suffered extensive injuries, including several broken bones in his left leg, and he was airlifted to Fort Wayne Luther Hospital for emergency surgery. Kochell seeks money damages for his injuries and medical bills.

Though the motor vehicle collision was tragic, the complaint does not state a federal claim against any defendant. Kochell names the Department of Correction, Governor Eric Holcomb, Attorney General Curtis Hill, Commissioner Robert Carter, and Warden Bob Wilson as defendants. However, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). The complaint does not indicate that the individual defendants were personally involved with the motor vehicle collision. Moreover, the Department of Correction is not suable entity. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Additionally, Kochell did not initial the statements above the signature line on the complaint form, which include a declaration under penalty of perjury that the statements in his complaint are true. Kochell further declined to either pay the filing fee or submit a motion to proceed *in forma pauperis*.

When a complaint is lacking in necessary detail, I may dismiss the complaint with leave to amend. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, I will allow Kochell an opportunity to file an amended complaint. If he decides to file an amended complaint, he should get a blank copy of this court's complaint form from the law

library, and he must initial the statements above the signature line. However, merely because he is permitted to file an amended complaint is not a reason for him to do so. Kochell should only file an amended complaint if he believes that he can address the deficiencies noted in this order and provide a factual basis for his claims against each defendant. This means he must explain what each defendant did, and he must include names, dates, and locations. To proceed with this case, Kochell must also either immediately pay the $400 filing fee or submit a motion for leave to proceed *in forma pauperis*. If Kochell chooses to move for leave to proceed *in forma pauperis*, he should get this court's form motion from the law library and file it with his trust fund ledgers for the last six months attached.

Accordingly:

(1) Joshua W. Kochell is **GRANTED** until **February 14, 2018**, to file an amended complaint;

(2) Joshua W. Kochell is **GRANTED** until **February 14, 2018**, to either pay the $400 filing fee or submit a motion for leave to proceed *in forma pauperis* with his trust fund ledgers for the last six months attached.

(3) Joshua W. Kochell is **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice.

**SO ORDERED**.

ENTERED: January 22, 2018

/s/ Philip P. Simon
JUDGE

UNITED STATES DISTRICT COURT