UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA W. KOCHELL,

   Plaintiff,

   v.           CAUSE NO.: 3:17-CV-793-PPS-MGG

I.D.O.C. STATE, et al.,

   Defendants.

OPINION AND ORDER

Joshua W. Kochell, a prisoner without a lawyer, has filed an amended complaint as well as a motion to proceed in forma pauperis and a motion for appointed counsel. Significantly, this case was dismissed without prejudice because Kochell did not amend his complaint or resolve his filing fee status in a timely manner. ECF 6. "If the plaintiff wants to amend his complaint following the entry of judgment, however, he may do so only after a motion under Rule 59(e) or 60(b) has been granted." *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). Though Kochell has filed no such motion, I will review the amended complaint and allow this case to proceed if Kochell has stated a claim upon which relief can be granted.

Kochell primarily relies on the exhibits attached to the amended complaint, which consist of an article from the Kokomo Tribune, a police report, and a notice of tort claim.[1] These exhibits show that Kochell was involved in a head-on motor vehicle

---

[1]These exhibits are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

1

collision as he was transported from the Miami Correctional Facility to Mississinewa Lake State Park for purposes of employment. As a result of the collision, Kochell suffered extensive injuries, including several broken bones in his left leg, and he was airlifted to Fort Wayne Luther Hospital for emergency surgery.

Kochell alleges that Bob Wilson was responsible for his safety as the warden of the Miami Correctional Facility and that Lieutenant M. Rush supervises offender work crews. Kochell further alleges that Tracey K. Hullett was the driver of the vehicle transporting the inmate employees. He alleges that Hullett knew that the vehicle was not "100% safe" because the air bags would not deploy on impact and that Hullett was driving left of the center line at the time of the collision.

To state a valid claim under Section 1983, plaintiffs generally cannot rely on allegations of negligent conduct. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Rather, plaintiffs must allege that "[a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). With respect to motor vehicle accidents, a plaintiff must show that "the official knew an accident was imminent but consciously and culpably refused to prevent it." *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996).

The amended complaint provides no indication that Bob Wilson or Lieutenant M. Rush had any knowledge that an accident was imminent. Moreover, even if the defendants knew that the air bags were defective, these defects did not pose a substantial risk of serious harm to Kochell's safety. *See Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005)(suggesting that substantial risks are "risks so great that they are almost

certain to materialize if nothing is done"); *Cobian v. McLaughlin*, 2017 WL 5565239, at *4 (7th Cir. 2017) (same). Though the police report indicates that Hullett maneuvered the transport vehicle into the lane for oncoming traffic, it further indicates that this was Hullet's attempt to avoid a head-on collision with another vehicle that had drifted into Hullett's lane. The amended complaint thus does not allege that Hullett refused to prevent the accident. *See Davis-Clair v. Turck*, 2018 WL 1287408, at *2 (7th Cir. 2018) ("An official who responds reasonably to a risk of harm is not deliberately indifferent to it even if the official fails to avert the harm."). Because Kochell does not allege facts showing that any defendant deliberately ignored a substantial risk of harm, he does not state a claim. Accordingly, this case will remain closed. Kochell is further advised that I will not review any further amended complaints in this case absent a compelling reason as to why it should be reopened. *See* Fed. R. Civ. P. 60(b).

For these reasons, the court:

(1) DIRECTS the clerk to indicate that ECF 8 is a Proposed Amended Complaint;

(2) DENIES the motion for leave to proceed in forma pauperis (ECF 9) as moot; and

(3) DENIES the motion to appoint counsel (ECF 10) as moot.

SO ORDERED on April 18, 2018.

s/ Philip P. Simon
JUDGE

UNITED STATES DISTRICT COURT